[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  12-12415
Non-Argument Calendar
_____

D.C. Docket No. 5:11-cr-00355-KOB-PWG-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEITH GUNTER,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____
(January 23, 2013)

Before MARTIN, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Keith Gunter pled guilty to three counts of mail fraud and three counts of

wire fraud, in violation of 18 U.S.C. §§ 1341 and 1343.  The district court imposed

a 60-month sentence for each of the six counts to be served concurrently.  This

sentence constituted an upward variance of 19 months from the upper end of the 33 to 41 month advisory range suggested by the Sentencing Guidelines.  On appeal, Mr. Gunter contests this sentence as both procedurally and substantively unreasonable.   After reviewing the record and the parties' briefs, we affirm the sentence imposed by the district court.

Our reasonableness review of a sentence is a two-step process analyzed under a deferential abuse-of-discretion standard.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).

The first step of this review requires an examination of the district court's sentencing decision for any "significant procedural error, such as…failing to consider the [18 U.S.C.] § 3553(a) factors."  *Id*.  When reviewing the consideration of the § 3553(a) factors, we evaluate whether the district court considered the parties' arguments and had a reasoned basis for imposing the sentence.  *See Rita v. United States*, 551 U.S. 338, 356 (2007).  We do not, however, expect the district court to articulate its consideration of each individual § 3553(a) factor on the record.  *See United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).  "Rather, an acknowledgment by the district judge that he or she has considered the § 3553(a) factors will suffice."  *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007).

Mr. Gunter points to the district court's discussion of only two of the § 3553(a) factors during his sentencing hearing as a failure to consider all the factors. Our precedent makes clear that although a court must consider the § 3553(a) factors prior to sentencing, "it need not discuss each of them." *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). The district court acknowledged Mr. Gunter's comments and words of contrition before explaining its evaluation of the sentencing factors under § 3553(a). The district court was not required to address each of these factors, and its discussion of only a select few § 3553(a) factors particularly relevant to Mr. Gunter's case was not an abuse of discretion.

The second step of our reasonableness review focuses on whether the sentence is substantively reasonable in light of the § 3553(a) factors. *See Gall*, 552 U.S. at 51. "The review for substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). "A district court abuses its discretion when it . . . weighs those factors unreasonably, arriving at a sentence that does not achieve the purposes of sentencing as stated in § 3553(a)." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). When reviewing a sentence outside the Guidelines, we consider the extent of the deviation and whether the district court

had sufficiently compelling justification to support such a variance. *See Gall*, 552 U.S. at 50.

The district court provided a sufficiently compelling justification for its upward variance. Considering the extent of the fraud committed and its impact on the personal and financial lives of the 18 victims (some of whom were elderly), the court permissibly determined that a sentence within the advisory guideline range would not adequately address the seriousness of the offense. *See* 18 U.S.C. § 3553(a)(1), (2)(A). The district court also properly considered two significant facts concerning Mr. Gunter: (1) he had committed part of the fraud after he was arrested in Illinois on unrelated charges, and (2) an armed robbery conviction was not counted towards his criminal history score.

In sum, the court considered and weighed all the relevant § 3553(a) factors and arrived at a sufficient justification for its sentence. Accordingly, we affirm.

**AFFIRMED.**

4